**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FRANKLIN CARRILLO-AGUILAR, PETITIONER**
**# A 215-805-058**

**VERSUS CIVIL ACTION NO. 5:26cv596-DCB-RPM**

**WARDEN, FIELD OFFICE DIRECTOR,**
**TODD M. LYONS, MARKWAYNE**
**MULLIN, and TODD BLANCHE RESPONDENTS**

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

Before the Court is *pro se* Petitioner Franklin Carrillo-Aguilar's motion [2] for Temporary Restraining Order. He is an alien detainee in the custody of the Department of Homeland Security. On July 2, 2026, he filed this habeas action under 28 U.S.C. § 2241, challenging his continued detention. He simultaneously filed the instant motion to prevent his transfer or removal while this case is pending. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner is currently housed at the Adams County Correctional Center in Natchez, Mississippi. He asks that Respondents be temporarily estopped from transferring him to another detention facility or taking any action to remove him from the country before his scheduled immigration court hearing on July 17, 2026, or during the pendency of this action. Petitioner argues such actions would divest this Court of jurisdiction, render his immigration case moot, and prevent him from appearing at his hearing.

To be entitled to a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the

injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 n.15 (5th Cir. 2001). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Conclusory allegations of an irreparable injury are insufficient. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

The Petitioner asserts that Respondents have a "willingness to move him without notice," because he was allegedly transferred twice since his initial arrest. (Mot. for TRO at 1). Petitioner offers nothing else to indicate that a transfer or a removal is either likely or imminent. The Court is not even told the date of his initial arrest. Petitioner further admits that his immigration case is still pending.

Petitioner fails to show a substantial likelihood of irreparable harm if the TRO is not granted. Having failed to establish a substantial likelihood of an irreparable injury, Petitioner is not entitled to an injunction.

It is therefore ordered and adjudged that *pro se* Petitioner Franklin Carrillo-Aguilar's motion [2] for Temporary Restraining Order is denied.

So ordered and adjudged, this the 11 day of September, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE